[Cite as *State v. Byrd*, 2015-Ohio-5293.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26700 |
| | : | |
| v. | : | T.C. NO. 06CR5353/1, 07CR532/2 |
| | : | |
| KEVIN BYRD, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ____December____, 2015.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

KEVIN BYRD, JR., Inmate # 558966, London Correctional Institute, P. O. Box 69, London, Ohio 43140
     Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Kevin Byrd, Jr., appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his "Motion to Merge Convictions, with Accompanying Firearm Specification." For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In early 2007, Byrd was indicted for aggravated robbery, with an accompanying firearm specification, and receiving stolen property, both for events that occurred on December 20, 2006. Montgomery C.P. No. 2006 CR 5353/1. In March 2007, Byrd was charged in a separate case with two additional counts of aggravated robbery and two counts of kidnapping, each with a firearm specification, arising out of events that occurred on November 30, 2006. Montgomery C.P. No. 2007 CR 532/2. In August 2007, the State added a charge of engaging in a pattern of corrupt activity to Case No. 2007 CR 532/2.

{¶ 3} In September 2007, Byrd reached a plea agreement with the State for both cases. In Case No. 2006 CR 5353/1, Byrd pled guilty to the aggravated robbery with the firearm specification, and the receiving stolen property charge was dismissed. The court sentenced him to three years in prison for the aggravated robbery and an additional three years for the firearm specification, to be serve consecutively, for an aggregate term of six years. In Case No. 2007 CR 532/2, Byrd pled guilty to the two counts of aggravated robbery, the two counts of kidnapping, and the firearm specifications attached to each of those charges; the State dismissed the charge of engaging in a pattern of corrupt activity. The trial court merged the specifications and sentenced Byrd to concurrent terms of four years for each aggravated robbery and three years for each kidnapping, to be served consecutively to three years for the firearm specification, for an aggregate prison term of seven years. The trial court further ordered that the sentences in the two cases run consecutively, for a total prison term of 13 years.

{¶ 4} Byrd appealed from his convictions, claiming that his plea was not knowing, intelligent, and voluntary. He also claimed that the State's recommendation of

maximum, consecutive sentences breached the plea agreement not to pursue "sentencing enhancements" and to treat the offenses as "one single conviction." We overruled the assignments of error and affirmed Byrd's convictions. *State v. Byrd*, 178 Ohio App.3d 646, 2008-Ohio-5515, 899 N.E.2d 1033 (2d Dist.).

{¶ 5} In June 2012, Byrd moved to withdraw his guilty pleas. The trial court denied his motion, and we affirmed. *State v. Byrd*, 2d Dist. Montgomery No. 25591, 2013-Ohio-3751.

{¶ 6} On April 14, 2015, Byrd filed a "Motion to Merge Convictions, with Accompanying Firearm Specification," pursuant to R.C. 2941.25, the allied-offense statute. He argued that the aggravated robbery and kidnapping offenses were allied offenses of similar import. He further asserted that the use of a firearm throughout the aggravated robbery and kidnapping was part of the same transaction. The trial court denied the motion, reasoning that Byrd's motion was barred by res judicata.

{¶ 7} Byrd appeals from the denial of his motion, raising four assignments of error, which state: (1) "The trial court erred in imposing sentence(s) for multiple offenses, which offenses constitute allied offenses of similar import," (2) "The trial court committed an obvious error (plain error) when it failed to merge Defendant's convictions under R.C. 2941.25," (3) "The trial court erred in entering separate convictions and sentences for Aggravated Robbery, Kidnapping and Firearm Specifications," and (4) "Defense counsel[']s * * * failure to raise merger constitutes plain error."

{¶ 8} Three of Byrd's assignments of error claim that the trial court should have merged his charges of aggravated robbery and kidnapping and the accompanying firearm specifications as allied offenses of similar import. The fourth argues that his trial counsel

rendered ineffective assistance by failing to raise the issue of merger at sentencing.

{¶ 9} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins,* 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction. *Id.,* citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 10} The failure to merge allied offenses does not render a judgment void, but voidable. *See State v. Pound,* 2d Dist. Montgomery No. 24980, 2012-Ohio-3392, ¶ 14, citing *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10. Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal. *Id.*

{¶ 11} Here, Byrd filed a direct appeal, and he could have raised the trial court's failure to merge allied offenses of similar import. Byrd's argument on direct appeal that the State breached its plea agreement by failing to treat the offenses as "one single conviction" raised similar, albeit not identical, concerns. Byrd also could have raised on direct appeal that his trial counsel rendered ineffective assistance by failing to raise the issue of merger of allied offenses. Accordingly, res judicata bars him from raising the issue of allied offenses now. The trial court did not err in denying his motion on that basis.

{¶ 12} Byrd's assignments of error are overruled.

{¶ 13} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Kevin Byrd, Jr.
Hon. Timothy N. O'Connell