[Cite as *State v. Taylor*, 2018-Ohio-4628.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27879 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-1087 |
| | : | |
| GUDONAVON J. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GUDONAVON J. TAYLOR, Inmate No. 627-232, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Gudonavon J. Taylor, appeals pro se from a judgment of the Montgomery County Court of Common Pleas overruling his "Motion to Vacate Unlawful Sentence." For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2008, the Montgomery County Grand Jury indicted 17-year-old Taylor on three counts of murder, two counts of felonious assault, one count of having weapons while under disability, and one count of discharging a firearm on or near a prohibited premises. Each of the counts included a three-year firearm specification. The firearm specification on the charge for having weapons while under disability was later dismissed by the State.

{¶ 3} Following a jury trial, Taylor was found guilty of each indicted offense and specification, excluding the charge for having weapons while under disability, which was tried to the bench. Following a bench trial, Taylor was also found guilty of having weapons while under disability. After Taylor was found guilty of all the charged offenses and specifications, the trial court sentenced Taylor to an aggregate term of 41 years to life in prison with the possibility of parole.

{¶ 4} Taylor appealed from his conviction and sentence, which this court affirmed in *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2013-Ohio-186. Taylor's appeal was thereafter reopened, and this court reaffirmed his conviction and sentence in *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647. Three years after this court

reaffirmed Taylor's conviction, Taylor filed a pro se "Motion to Vacate Unlawful Sentence," the denial of which is the subject of this appeal.

{¶ 5} In his "Motion to Vacate Unlawful Sentence," Taylor argued that pursuant to *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. After taking the matter under advisement, the trial court overruled Taylor's motion upon finding that the decisions in *Miller* and *Moore* were distinguishable from Taylor's case and that Taylor's sentence was lawful.

{¶ 6} Taylor now appeals from the trial court's decision overruling his "Motion to Vacate Unlawful Sentence," raising two assignments of error for review.

**First Assignment of Error**

{¶ 7} Under his First Assignment of Error, Taylor contends the trial court erred in failing to vacate his sentence. Specifically, Taylor claims the trial court erroneously concluded that the holding in *Miller* was inapplicable to his case. Taylor maintains that, pursuant to *Miller*, his prison sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. We disagree.

{¶ 8} *Miller* involved two cases wherein two 14-year-old defendants were convicted of murder and sentenced to life in prison without the possibility of parole. *Miller,* 567 U.S. at 465, 132 S.Ct. 2455, 183 L.Ed.2d 407. In both cases, the sentencing court did not have any discretion to impose a different punishment, as state law mandated the sentences that were imposed. *Id.* The United States Supreme Court found that

"such a scheme prevents those meting out punishment from considering a juvenile's 'lessened culpability' and greater 'capacity for change,' and runs afoul of our cases' requirement of individualized sentencing for defendant's facing the most serious penalties." *Id.*, quoting *Graham v. Florida*, 560 U.S. 48, 68, 74, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). As a result, the court held in *Miller* "that *mandatory life without parole* for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " (Emphasis added.) *Id.*

**{¶ 9}** Contrary to Taylor's claim otherwise, the holding in *Miller* does not apply to his case. As noted above, *Miller* holds that the Eighth Amendment is violated when a juvenile offender is sentenced to "mandatory life without parole." *Id.* Taylor, however, received a sentence of 41 years to life in prison *with the possibility of parole.* Therefore, unlike the defendants in *Miller*, Taylor will be eligible for parole when he is 58 years old. Accordingly, Taylor's reliance on *Miller* is misplaced, and the trial court correctly concluded that *Miller* is distinguishable and inapplicable to the case at bar.

**{¶ 10}** In support of his appeal, Taylor also cites to *Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127. In *Moore,* the Supreme Court of Ohio held that "a term-of-years prison sentence that exceeds a defendant's life expectancy violates the Eighth Amendment to the United States Constitution when it is imposed on a juvenile nonhomicide offender." *Moore* at ¶ 1. In reaching this decision, the court relied on *Graham*, a decision that prohibited the imposition of life sentences without parole on juvenile nonhomicide offenders.

**{¶ 11}** Like *Miller*, the holding in *Moore* is inapplicable to the present case. *Moore* is inapplicable because Taylor is not a "nonhomicide offender," as Taylor was convicted

of murder. In addition, Taylor's sentence of 41 years to life prison is not a "term-of-years" sentence, but an indefinite sentence that does not exceed his life expectancy since he is eligible for parole at age 58. *See State v. Burns*, 2d Dist. Montgomery No. 27374, 2018-Ohio-1419, ¶ 21-23 (rejecting a juvenile defendant's claim that his life sentence for aggravated murder unconstitutionally exceeded his life expectancy under circumstances where the defendant would become eligible for parole at age 59). Taylor's sentence is also in stark contrast to the 112-year prison sentence that was overturned in *Moore*. *See Moore* at ¶ 100.

**{¶ 12}** That said, Taylor's sentence is certainly lengthy, and " '[p]rotection against disproportionate punishment is the central substantive guarantee of the Eighth Amendment.' " *Id*. at ¶ 31, quoting *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 732-733, 193 L.Ed.2d 599 (2016). Taylor, however, failed to demonstrate how his sentence was disproportionate to the multiple, serious offenses for which he was convicted. Taylor also failed to demonstrate that the trial court did not consider his youth and other relevant factors at sentencing. Instead, Taylor's Eighth Amendment claim is based solely on inapplicable case law.

**{¶ 13}** Taylor's First Assignment of Error is overruled.

**Second Assignment of Error**

**{¶ 14}** Under his Second Assignment of Error, Taylor claims he was denied equal protection of the law as guaranteed by the Fourteenth Amendment when the trial court failed to apply *Miller* to his case. In support of this claim, Taylor contends that other juvenile offenders with sentences similar to his were afforded Eighth Amendment

protections by virtue of the holding in *Miller.* Therefore, according to Taylor, he should be afforded the same protection. We once again disagree.

**{¶ 15}** "The Equal Protection Clauses of both the United States and the Ohio Constitution guarantee that no one will be denied the same protection of the laws enjoyed by others in like circumstances." (Citation omitted.) *State v. Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092, 51 N.E.3d 641, ¶ 8. As previously noted, juvenile offenders who receive Eighth Amendment protections by virtue of *Miller* are those who are sentenced to a mandatory term of life in prison without the possibility of parole. *Miller,* 567 U.S. at 465, 132 S.Ct. 2455, 183 L.Ed.2d 407. Because Taylor *is* eligible for parole, his circumstances are markedly different from those of juvenile offenders who enjoy Eighth Amendment protections under *Miller*. For this reason, Taylor's equal protection claim lacks merit.

**{¶ 16}** Taylor's Second Assignment of Error is overruled.

## Conclusion

**{¶ 17}** Having overruled both of Taylor's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Gudonavon J. Taylor
Hon. Gregory F. Singer