[Cite as *State v. Taylor*, 2019-Ohio-1376.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28166 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-1087 |
| | : | |
| GUDONAVON J. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 12th day of April, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

GUDONAVON J. TAYLOR, Inmate No. 627-232, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430
  Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} This case is the fourth appeal we have considered involving Defendant-Appellant Gudonavon Taylor. Taylor is now appealing pro se from the trial court's judgment denying Taylor's motion to correct his sentence by merging his conviction for discharge of a firearm on or near prohibited premises with either his murder or his felonious assault conviction. This motion was filed after his conviction and after his direct appeal. For the reasons discussed below, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 2} In April 2008, an indictment was filed charging Taylor with three counts of murder, two counts of felonious assault, one count of having weapons while under disability, and one count of discharging a firearm on or near a prohibited premises. Each count also included a three-year firearm specification. The State later dismissed the firearm specification on the charge for having weapons while under disability.

{¶ 3} After a jury trial, the jury found Taylor guilty of each indicted offense and specification, except the charge for having weapons while under disability, which was tried to the bench. The trial court found Taylor guilty of having weapons while under disability and merged some of the offenses. The judge sentenced Taylor to an aggregate term of 41 years to life in prison with the possibility of parole.

{¶ 4} Taylor's conviction arose from events occurring in December 2007, when Taylor shot and killed Jerod Bryson following an argument over drugs that began at a boarding house on Lincoln Street in Dayton, Ohio, and "ended with Bryson's death on

nearby Warren Street." *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2013-Ohio-186, ¶ 6 (*Taylor I*). According to the eyewitness testimony, Taylor shot Bryson in the street, and Bryson got up and walked away. Taylor then followed Bryson and shot him several more times after Bryson had fallen down. *Id.* at ¶ 12 and 28. A forensic pathologist "recovered seven bullets from Bryson's body, namely two from his back, one from his right hand, one from the left side of his chest, one from the right side of his head, one from his pelvis, and one from his neck." *Id.* at ¶ 7. She also said that "she found 14 separate and distinct entrance wounds to Bryson's body, and she testified that Bryson died of 'multiple gunshot wounds of the head and torso.' " *Id.*

{¶ 5} Taylor filed a direct appeal from his conviction, and we affirmed the trial court's judgment. *Taylor I* at ¶ 60. We later allowed Taylor to reopen his appeal, and he raised five additional assignments of error. After considering the new assignments of error, we reaffirmed his conviction. *See State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647, ¶ 53 (*Taylor II*).

{¶ 6} Three years later, Taylor filed a pro se "motion to vacate unlawful sentence," arguing that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. The trial court rejected the motion, and Taylor appealed to our court on January 29, 2018. While that appeal was pending, Taylor filed a pro se "motion to correct allied offenses" in the trial court. However, the court denied Taylor's motion on September 17, 2018, reasoning that it lacked jurisdiction due to the pending appeal. Taylor then filed a timely notice of appeal concerning that order.

{¶ 7} In November 2018, we agreed with the trial court that Taylor's sentence did not violate the Eighth Amendment, and we affirmed the trial court's denial of the motion

to vacate sentence. *See State v. Taylor*, 2d Dist. Montgomery No. 27879, 2018-Ohio-4628, ¶ 17 (*Taylor III*). The matter before us now involves Taylor's appeal from the order denying his motion to correct allied offenses based on lack of jurisdiction.

## II. Alleged Error in Finding Lack of Jurisdiction

{¶ 8} Taylor's First Assignment of Error states that:

The Trial Court Erred in Finding That It Lacked Jurisdiction to Hear Appellant's Motion to Correct Allied Offenses and Dismissing the Motion Based Upon That Finding, in Violation of His Due Process Protections Under the Fourteenth Amendment to the U.S. Constitution, and Article I, Section 10 of the Ohio Constitution.

{¶ 9} Under this assignment of error, Taylor contends that the trial court erred in concluding that it lacked jurisdiction to hear his "motion to correct allied offenses." In its order, the trial court noted that it had recently overruled Taylor's motion to vacate his sentence and that Taylor's appeal from that order was pending. Because Taylor's subsequent motion involved the same issues, the court concluded that it lacked jurisdiction to hear the motion at that time. The court, therefore, denied the motion. Doc. #4, pp. 1-2.

{¶ 10} According to Taylor, the pending appeal in *Taylor III* involved a challenge only to the sentencing of juvenile offenders and had nothing to do with allied offenses. The State disagrees, noting that if the trial court had granted Taylor's allied offenses motion and modified the sentence, its order would have interfered with our jurisdiction to reverse, modify, or affirm Taylor's sentence in the pending appeal. We agree with the

State.

{¶ 11} As a general rule, when an appeal is taken, the lower court " 'is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court.' " *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978), quoting 7 Moore, *Federal Practice,* 419, Paragraph 60.30(2) (2d Ed.). The court "does retain jurisdiction over issues not inconsistent with [the jurisdiction] of the appellate court to review, affirm, modify or reverse the appealed judgment," like collateral issues. *Id.*

{¶ 12} The trial court's consideration of the "motion to correct allied offenses" was not a collateral matter and would have been inconsistent with our ability to affirm, modify, or reverse the judgment on appeal. Specifically, in the trial court and on appeal in *Taylor III*, Taylor alleged that his 41-year sentence violated the Eighth Amendment's prohibition of cruel and unusual punishment and should be vacated. As support for this claim, Taylor relied on *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, and *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). *See Taylor III*, 2d Dist. Montgomery No. 27879, 2018-Ohio-4628, at ¶ 5. In these cases, the courts found that the juveniles' sentences did violate the Eighth Amendment and reversed and remanded the cases for resentencing. *Moore* at ¶ 100; *Miller* at 465.

{¶ 13} If we had agreed with Taylor's position in *Taylor III*, we would have reversed his sentence and remanded for resentencing. However, if the trial court had accepted Taylor's position that some offenses were allied and should have been merged, the court would have modified Taylor's sentence. Clearly, this would have interfered with our jurisdiction in the pending appeal in *Taylor III*.

{¶ 14} Accordingly, at the time the trial court ruled, it did not err in refusing to exercise jurisdiction over Taylor's "motion to correct allied offenses." Taylor's First Assignment of Error, therefore, is overruled.

### III. Trial Court's Alleged Failure to Merge Counts

{¶ 15} Taylor's Second Assignment of Error states that:

The Trial Court Failed to Merge Count 6, Discharge of a Firearm On or Near Prohibited Premises With Either Count 2, Felony Murder, or Count 3, Felonious Assault, violating Appellant's Protection Against Double Jeopardy, as Provided by the Fifth Amendment to the U.S. Constitution, and Article I, Section 10 of the Ohio Constitution.

{¶ 16} Under this assignment of error, Taylor contends that his conviction for discharging a firearm on or near prohibited premises (Count 6) should have been merged with his conviction for felony murder (Count 2), or with his conviction for felonious assault (Count 3). According to Taylor, trial courts have a statutory duty to decide if offenses should be merged, and if a court either fails to do so or errs in doing so, the sentence that results is void and may be challenged at any time in a collateral attack. After making these points, Taylor details the reasons why, under a plain error review, these convictions should have been merged.

{¶ 17} In response, the State argues that Taylor's claims are barred by res judicata because issues pertaining to merger of allied offenses of similar import must be raised on direct appeal. State's Brief at p. 3, citing *State v. Stevens*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971. This is because " 'failure to merge allied offenses does not

render a judgment void, but voidable.' " *Id.*, quoting *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10. In its brief, the State also addresses Taylor's merger argument on the merits.

**{¶ 18}** Because the trial court did not err in denying Taylor's motion, we need not consider this assignment of error. However, as the State points out, a better course would have been for the trial court to simply refrain from ruling on Taylor's motion while the appeal was pending. State's Brief at p. 3, fn. 1. Consequently, we will briefly discuss this assignment of error. After consideration, we agree with the State that Taylor's claim is barred by res judicata.

**{¶ 19}** As noted, this is Taylor's fourth appeal. He raised three issues during his initial direct appeal, but did not challenge his sentence. *Taylor I*, 2d Dist. Montgomery No. 23990, 2013-Ohio-186. We then allowed Taylor to reopen his appeal, and he asserted five more assignments of error, one of which involved the trial court's failure to merge the allied offenses of felonious assault and murder. *Taylor II*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647, at ¶ 8. We rejected that argument because "there were two separate shootings in two separate locations." *Id.* at ¶ 13. We also rejected the other assignments of error and affirmed the conviction. *Id.* at ¶ 53.

**{¶ 20}** "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). "The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his

conviction and/or sentence." *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 21} As the State notes, we said in *Byrd* that:

> The failure to merge allied offenses does not render a judgment void, but voidable. * * * Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal.

(Citations omitted.) *Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10.

{¶ 22} Because Taylor could have raised the trial court's failure to merge his conviction for discharging a firearm on or near prohibited premises during his direct appeal (and did, in fact, raise another merger argument), he is barred by res judicata from raising this issue now. Accordingly, the Second Assignment of Error is without merit and is overruled.

## IV. Conclusion

{¶ 23} All of Taylor's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Gudonavon J. Taylor

Hon. Gregory F. Singer