**[Cite as *State v. Taylor*, 2019-Ohio-4485.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28276 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-1087 |
| | : | |
| GUDONAVON J. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GUDONAVON J. TAYLOR, Inmate No. 627-232, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** Defendant-appellant, Gudonavon J. Taylor, appeals pro se from an order of the Montgomery County Court of Common Pleas overruling his motion for resentencing. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

**{¶ 2}** In 2010, a jury found Taylor guilty of three counts of murder, two counts of felonious assault, one count of discharging a firearm on or near a prohibited premises, and several firearm specifications. Following a bench trial, the trial court also found Taylor guilty of having weapons while under disability. After Taylor's conviction, the trial court merged several of the offenses and thereafter imposed a prison term of 15 years to life for murder, eight years for felonious assault, ten years for discharging a firearm on or near a prohibited premises, five years for having weapons while under disability, and three years for all of the firearm specifications. The trial court ordered all of the sentences to be served consecutively for a total, aggregate term of 41 years to life in prison with the possibility of parole.

**{¶ 3}** Taylor filed a direct appeal from his conviction, and this court affirmed the judgment of the trial court. *See State v. Taylor*, 2d Dist. Montgomery No. 23990, 2013-Ohio-186 ("*Taylor I*"). This court later allowed Taylor to reopen his appeal, and he raised five additional assignments of error. After considering the new assignments of error, we again affirmed the trial court's judgment. *See State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647 ("*Taylor II*").

**{¶ 4}** Three years later, in 2017, Taylor filed a pro se "motion to vacate unlawful sentence." In support of that motion, Taylor argued that his sentence violated the Eighth

Amendment's prohibition against cruel and unusual punishment. The trial court overruled the motion, and Taylor appealed. On appeal, we found no error in the trial court's decision overruling the motion and affirmed the judgment of the trial court. *See State v. Taylor*, 2d Dist. Montgomery No. 27879, 2018-Ohio-4628 ("*Taylor III*").

{¶ 5} While *Taylor III* was pending, Taylor filed a pro se "motion to correct allied offenses." The trial court, however, denied the motion on grounds that it lacked jurisdiction to rule on the matter due to the pending appeal in *Taylor III*. Taylor then filed a timely notice of appeal from that decision. In April 2019, we affirmed the trial court's decision denying Taylor's motion on jurisdictional grounds, and also found that the allied offense argument raised in the motion was barred by res judicata. *See State v. Taylor*, 2d Dist. Montgomery No. 28166, 2019-Ohio-1376 ("*Taylor IV*").

{¶ 6} While *Taylor IV* was pending, Taylor filed a pro se "motion for resentencing." In that motion, Taylor claimed that he was entitled to a resentencing because his sentence was rendered void as a result of the trial court advising him that he would be subject to a single, five-year-mandatory term of post-release control. According to Taylor, the trial court should have instead notified him of the distinct term of post-release control that applied to each of his offenses. The trial court disagreed and overruled Taylor's motion upon finding that it had properly notified Taylor of his post-release control obligation. Taylor now appeals from that decision, raising three assignments of error for review.

## First Assignment of Error

{¶ 7} Under his first assignment of error, Taylor contends that his motion for resentencing should have been granted because the trial court erroneously advised him

about post-release control at sentencing.  According to Taylor, the trial court was required to notify him of the distinct term of post-release control that applied to each of his offenses, and its failure to do so rendered the sentences for those offenses void.  We disagree.

{¶ 8} When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate that notice into its sentencing entry.  *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8.  " '[W]hen a judge fails to impose the required post-release control as part of a defendant's sentence, 'that *part* of the sentence is void and must be set aside.' "  (Emphasis sic.)  *State v. Heard*, 2d Dist. Montgomery No. 27454, 2018-Ohio-314, ¶ 21, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7.

{¶ 9} Pursuant to R.C. 2967.28(F)(4)(c), "[i]f an offender is subject to more than one period of post-release control," as is the case here, "the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court."  The statute also provides that "[p]eriods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."  *Id.*  Therefore, as this court explained in *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, even when a defendant is sentenced to multiple prison terms, only one term of post-release control is actually served, and "[t]he trial court [is] not required to separately and expressly notify [the] Defendant of the terms of post-release control applicable to each of the * * * offenses for which prison terms [are]

imposed." *Id.* at ¶ 23, 25. Instead, it is "sufficient for a trial court to simply notify a defendant of the longest period of post-release control that applies since any other lesser periods of post-release control are subsumed by the greater term." *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, ¶ 26, citing *Sulek* at ¶ 23 and *State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶ 10.

{¶ 10} Taylor requests that this court disregard *Sulek* and find that the trial court was required to notify him of the distinct term of post-release control that applied to each of his offenses. We decline Taylor's request and note that the relevant analysis in *Sulek* has been applied by this court on multiple occasions. *See, e.g., State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, ¶ 9; *Ramey* at ¶ 10; *Harwell* at ¶ 26-27. Therefore, while Taylor would prefer this rule not to apply, it is nevertheless "well established that when multiple terms of imprisonment are imposed, a notification need specify only the maximum term of post-release control to which the defendant will be subjected as a result." (Citation omitted.) *Harwell* at ¶ 27.

{¶ 11} In this case, after several of his offenses were merged by the trial court, Taylor received three prison sentences that carried a post-release control obligation. These three prison sentences were for Taylor's non-murder offenses, i.e., discharge of a firearm on or near a prohibited premises, felonious assault, and having weapons while under disability.[1] Taylor's first-degree-felony offense for discharging a firearm on or near

---

[1] Unclassified felonies, such as Taylor's murder offenses, are not subject to post-release control. *State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 25-26; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36-37. "Rather, an individual sentenced for an unclassified felony is either ineligible for parole or becomes eligible for parole after serving a period in prison." *State v. McCain*, 2d Dist. Montgomery No. 26356, 2015-Ohio-449, ¶ 21, citing *Clark* at ¶ 36. Therefore, no term of post-release control applied to Taylor's sentence for murder.

a prohibited premises carried a five-year-mandatory term of post-release control. R.C. 2967.28(B)(1). Taylor's second-degree-felony offense for felonious assault carried a three-year-mandatory term of post-release control. R.C. 2967.28(B)(2). Taylor's third-degree-felony offense for having weapons while under disability carried a three-year-discretionary term of post-release control. R.C. 2967.28(C). Instead of separately notifying Taylor of each of these terms, the trial court only notified Taylor of the greatest of the three terms, i.e., a five-year-mandatory term of post-release control. This was permissible pursuant to *Sulek* and its progeny, as the three-year-mandatory term for felonious assault and the three-year-discretionary term for having weapons while under disability were subsumed by the five-year-mandatory term for discharging a firearm on or near a prohibited premises.

{¶ 12} Because the trial court was only required to advise Taylor of the five-year mandatory term of post-release control, and did so during the sentencing hearing and in the sentencing entry, the post-release control portion of Taylor's sentence is not void. *See Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950 at ¶ 30, citing *State v. Barber*, 2d Dist. Montgomery No. 27267, 2017-Ohio-7338, ¶ 25 and R.C. 2967.28(F)(4)(c) ("sentences are not rendered void merely because the trial court did not impose post-release control sanctions specifically applicable to each of the defendant's multiple convictions"). Therefore, based on the principles outlined above, the trial court properly overruled Taylor's motion for resentencing.

{¶ 13} Taylor's first assignment of error is overruled.

_____

**Second and Third Assignments of Error**

{¶ 14} Under his second assignment of error, Taylor contends that because the trial court failed to notify him of the applicable term of post-release control for each of his offenses, the trial court's sentencing judgment is void and does not constitute a final appealable order.   Without a final appealable order, Taylor claims that this court lacked jurisdiction to hear his direct appeal in *Taylor I*.   Similarly, under his third assignment of error, Taylor argues that since this court was without jurisdiction to hear his direct appeal, this court's decision in *Taylor I* is a nullity and must be vacated.

{¶ 15} All of the claims raised under Taylor's second and third assignments of error lack merit because, as discussed under Taylor's first assignment of error, "sentences are not rendered void merely because the trial court did not impose post-release control sanctions specifically applicable to each of the defendant's multiple convictions." *Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, at ¶ 30, citing *Barber*, 2d Dist. Montgomery No. 27267, 2017-Ohio-7338 at ¶ 25 and R.C. 2967.28(F)(4)(c).

{¶ 16} Moreover, even if the trial court had erred in notifying Taylor about post-release control, only the post-release control portion of his sentence would have been void, not the entire sentence.   *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at ¶ 26; *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at ¶ 7.   In that circumstance, the post-release control portion of the sentence could have been reviewed at any time on direct appeal or by collateral attack, but " 'res judicata still [would have] applie[d] to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence[.]' "   *Holdcroft* at ¶ 7, quoting *Fischer* at ¶ 40.   "Accordingly, the correctness or incorrectness of the imposition of post-

release control * * * would not [have] affect[ed] the validity of the judgment as a whole." *Boyd v. State*, 2d Dist. Montgomery No. 27553, 2018-Ohio-108, ¶ 33; *Fischer* at ¶ 37 (rejecting the defendant's claim that an error in the imposition of post-release control means there was no final, appealable order). Therefore, had there been an error with respect to post-release control, the trial court's judgment of conviction and sentence would have remained a final, appealable order that this court had jurisdiction to review on direct appeal.

{¶ 17} Taylor's second and third assignments of error are overruled.

## Conclusion

{¶ 18} Having overruled all of Taylor's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Gudonavon J. Taylor
Hon. Gregory F. Singer