[Cite as *State v. Taylor*, 2022-Ohio-3579.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO       :
            :
 Plaintiff-Appellee    :  Appellate Case Nos. 29422 and 29423
            :
v.           :  Trial Court Case No. 2008-CR-1087
            :
GUDONAVON J. TAYLOR   :  (Criminal Appeal from
            :  Common Pleas Court)
 Defendant-Appellant   :
            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

GUDONAVON J. TAYLOR, Inmate No. A627-232, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430
  Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Gudonavon J. Taylor appeals pro se from a judgment of the Montgomery County Court of Common Pleas, which denied his motion for leave to file a delayed motion for a new trial and his motion to vacate a void conviction. Taylor filed timely notices of appeal on March 15, 2022.[1]

### Facts and Procedural History

**{¶ 2}** We previously set forth the history of the case in *State v. Taylor*, 2d Dist. Montgomery No. 28276, 2019-Ohio-4485, and repeat it herein in pertinent part:

In 2010, a jury found Taylor guilty of three counts of murder, two counts of felonious assault, one count of discharging a firearm on or near a prohibited premises, and several firearm specifications. Following a bench trial, the trial court also found Taylor guilty of having weapons while under disability. After Taylor's conviction, the trial court merged several of the offenses and thereafter imposed a prison term of 15 years to life for murder, eight years for felonious assault, ten years for discharging a firearm on or near a prohibited premises, five years for having weapons while under disability, and three years for all of the firearm specifications. The trial court ordered all of the sentences to be served consecutively for a total, aggregate term of 41 years to life in prison with the possibility of parole.

Taylor filed a direct appeal from his conviction, and this court affirmed the judgment of the trial court. *See State v. Taylor*, 2d Dist. Montgomery

---

[1] Taylor separately appealed the trial court's decision overruling his motion for leave to file a delayed motion for a new trial and his motion to vacate a void conviction, respectively Montgomery C.A. Nos. 29422 and 29423. We have consolidated the appeals.

No. 23990, 2013-Ohio-186 ("*Taylor I*"). This court later allowed Taylor to reopen his appeal, and he raised five additional assignments of error. After considering the new assignments of error, we again affirmed the trial court's judgment. *See State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647 ("*Taylor II*").

Three years later, in 2017, Taylor filed a pro se "motion to vacate unlawful sentence." In support of that motion, Taylor argued that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. The trial court overruled the motion, and Taylor appealed. On appeal, we found no error in the trial court's decision overruling the motion and affirmed the judgment of the trial court. *See State v. Taylor*, 2d Dist. Montgomery No. 27879, 2018-Ohio-4628 ("*Taylor III*").

While *Taylor III* was pending, Taylor filed a pro se "motion to correct allied offenses." The trial court, however, denied the motion on grounds that it lacked jurisdiction to rule on the matter due to the pending appeal in *Taylor III*. Taylor then filed a timely notice of appeal from that decision. In April 2019, we affirmed the trial court's decision denying Taylor's motion on jurisdictional grounds, and also found that the allied offense argument raised in the motion was barred by res judicata. *See State v. Taylor*, 2d Dist. Montgomery No. 28166, 2019-Ohio-1376 ("*Taylor IV*").

While *Taylor IV* was pending, Taylor filed a pro se "motion for resentencing." In that motion, Taylor claimed that he was entitled to a

resentencing because his sentence was rendered void as a result of the trial court advising him that he would be subject to a single, five-year-mandatory term of post-release control. According to Taylor, the trial court should have instead notified him of the distinct term of post-release control that applied to each of his offenses. The trial court disagreed and overruled Taylor's motion upon finding that it had properly notified Taylor of his post-release control obligation. Taylor appealed, and we affirmed the judgment of the trial court holding that the trial court did not err in overruling his motion for resentencing because his sentence was not rendered void as a result of the trial court failing to notify appellant of the applicable term of post-release control for each of his offenses. *See State v. Taylor*, 2d Dist. Montgomery No. 28276, 2019-Ohio-4485, ¶ 11-12. ("*Taylor V*"). Rather, we held that the trial court properly advised appellant of the single, longest term of post-release control that applied. *Id*.

**Motion for Leave to File a Delayed Motion for New Trial**

{¶ 3} On January 26, 2022, Taylor filed a "Motion for Leave to File a Delayed Motion for New Trial Pursuant to Criminal Rule 33(B)." In his motion, Taylor argued that he should be granted a new trial for the following reasons: 1) the prosecutor committed plain error by knowingly using perjured testimony to convict him; 2) the prosecutor committed plain error by impermissibly suggested to the jury that in order for it to find Taylor not guilty, it would have to disbelieve the State's witness and evidence; and 3) the trial court committed plain error by incorrectly instructing the jury that Taylor had the

burden of proof with respect to his alibi defense. Taylor also argued that he had been unavoidably prevented from filing his motion for new trial within the 14 days required pursuant to Crim.R. 33(B) because he did not have access to the trial transcript until two months after the verdict was rendered, and "the only way [Taylor] could have discovered the misconduct by [the] Prosecutor and the error of law occurring at trial was if he had access to the transcript." Motion for Leave, p. 1. Taylor also argued that his youth at the time of the trial should excuse his failure to file a timely motion for new trial.

{¶ 4} On February 24, 2022, the trial court overruled Taylor's motion for leave to file a delayed motion for a new trial, finding that he had failed to establish that he had been unavoidably prevented from filing a timely motion for new trial because of the allegedly missing trial transcript. The trial court also noted that Taylor's motion for leave was filed "not only outside of the 14 days required under Crim.R. 33(B), but comes over 11 years after the jury rendered its guilty verdicts on March 30, 2010." With respect to the arguments advanced in Taylor's motion for new trial, the trial court found that they all lacked merit and were barred by res judicata.

**Motion to Vacate Void Conviction**

{¶ 5} On February 18, 2022, Taylor filed a "Motion to Vacate Void Conviction." In the motion to vacate, Taylor contended that the trial court had lacked subject matter jurisdiction over the majority of the charges for which he was indicted because the juvenile court found probable cause that he had committed the two counts of murder charged in the original complaint, but the juvenile court failed to bind over the remaining counts for which Taylor had been indicted. In its decision overruling Taylor's motion to vacate a

void a conviction, the trial court distinguished the main case relied upon by Taylor, *State v. Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, __ N.E.3d __, finding that the common pleas court had had proper jurisdiction over all of the offenses for which Taylor was indicted and later convicted. The trial court also found that Taylor's argument in his motion to vacate a void sentence was barred by res judicata and also barred as an untimely petition for post-conviction release.

{¶ 6} It is from these judgments that Taylor now appeals.

{¶ 7} Taylor's first assignment of error is as follows:

APPELLANT'S STATUTORY AND CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS INDICTED AND CONVICTED ON CHARGES THAT WERE NEVER TRANSFERRED FROM THE JUVENILE COURT TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS.

{¶ 8} Taylor contends that the trial court did not properly bind his case over and/or that the general division of the common pleas court did not have jurisdiction to sentence him after he was found guilty by a jury on multiple counts and in a bench trial on one count. In support of his argument, Taylor relies on the Ohio Supreme Court's decision in *Smith*, which was decided on February 2, 2022.

{¶ 9} *Smith* held that "[a] finding of probable cause is a jurisdictional prerequisite under R.C. 2152.12 to transferring a child to adult court for prosecution of an act charged." *Id.* at ¶ 44. *Smith* further concluded that "[i]n the absence of a juvenile court's finding probable cause or making a finding that the child is unamenable to care or rehabilitation

within the juvenile system, no adult court has jurisdiction over acts that were charged in but not bound over by the juvenile court." *Id.*

{¶ 10} In our view, *Smith* is clearly distinguishable from Taylor's case. In *Smith*, the juvenile court found probable cause on two counts of aggravated robbery and one count of grand theft; however, with respect to the remaining charges in the complaint the court did not find probable cause and specifically stated the same. *Id.* at ¶ 9-10. Thereafter, the juvenile court conducted an amenability hearing and concluded that Smith was not amenable to the juvenile system, and it transferred his case to the general division for his prosecution as an adult for the acts for which the juvenile court had found probable cause. *Id.* at ¶ 10-11. After the case was transferred to the adult court, the State obtained a grand-jury indictment against Smith on eight counts that were identical to those that had been alleged in the original juvenile complaint, including those for which the juvenile court had found *no* probable cause and including firearm specifications on the aggravated-burglary counts and the grand-theft and theft counts. *Id.* at ¶ 12.

{¶ 11} Based upon actions taken by the State, *Smith* held "the General Division of the Cuyahoga County Common Pleas Court lacked subject-matter jurisdiction over Counts 4, 6, 7, and 8 and the firearm specifications because the juvenile court found that the acts related to those counts and specifications were not supported by probable cause and thus the juvenile court could not have made an amenability determination with regard to those acts." *Id.* at ¶ 43.

{¶ 12} *Smith* is distinguishable from this case. Taylor, who was 17 years old at the time, was charged by complaint in the juvenile court for two counts of murder, with a

firearm specification on count two. After the court heard testimony at the probable cause hearing, it found probable cause on the two murder counts and the firearm specification. After this finding of probable cause, Taylor was indicted on April 7, 2008, for three counts of murder, two counts of felonious assault, and one count of having weapons while under disability; each of the six counts carried a firearm specification. On April 18, 2008, Taylor was indicted for an additional count of discharge of a firearm on or near prohibited premises, with a firearm specification.

{¶ 13} In our view, since Taylor was bound over by the juvenile court after it had found probable cause for the two murder counts and the firearm specification (the only charges in the complaint before the juvenile court), Taylor's case does not involve the jurisdictional defects identified in *Smith*. Additionally, the general division of the common pleas court did have jurisdiction over Taylor after his case was transferred pursuant to R.C. 2151.23(H), which expressly provides:

> The court to which the case is transferred for criminal prosecution pursuant
> to that section has jurisdiction subsequent to the transfer to hear and
> determine the case in the same manner as if the case originally had been
> commenced in that court, subject to section 2152.121 of the Revised Code,
> including, but not limited to, jurisdiction to accept a plea of guilty or another
> plea authorized by Criminal Rule 11 or another section of the Revised Code
> and jurisdiction to accept a verdict and to enter a judgment of conviction
> pursuant to the Rules of Criminal Procedure against the child for the
> commission of the offense that was the basis of the transfer of the case for

criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that is different from the offense charged.

{¶ 14} As noted by the trial court, this section has remained substantially the same since at least 2006 when 2007 Ohio S.B. 10 went into effect. Therefore, the version of this statute in effect when Taylor was charged, bound over, and found guilty by the Common Pleas Court was the same as it is today.  Furthermore, nothing in *Smith* changed or modified this statute.  All of Taylor's convictions were either for the offense for which he was transferred, or the commission of the offenses for which he was charged after his transfer, such as the weapons under disability or discharge of a firearm at or near a prohibited premises.  All of these offenses occurred on the same day as the murder on December 7, 2007, and involved the same firearm as the murder.

{¶ 15} In general, "[a] new judicial ruling may be applied only to cases that are pending on the announcement date, and the new judicial ruling may not be applied retroactively to a conviction that has become final, that is, where the accused has exhausted all of his appellate remedies."  *State v. Greathouse*, 2d Dist. Montgomery No. 24935, 2012-Ohio-2414, ¶ 6, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687; *State v. Smith*, 2d Dist. Montgomery No. 27294, 2017-Ohio-2684, ¶ 11.  In Taylor's case, it is undisputed that his convictions became final on March 11, 2015, after we affirmed his conviction in *Taylor II*, and the Ohio Supreme Court declined further review. *See Taylor II*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647, *appeal not*

*accepted for review*, *State v. Taylor*, 141 Ohio St.3d 1490, 26 N.E.3d 824, 2015-Ohio-842.

**{¶ 16}** Accordingly, Taylor's convictions had been final for approximately seven years when he filed his motion to vacate a void conviction on February 18, 2022. Nevertheless, and without providing any support for his argument, Taylor argues that the Ohio Supreme Court's decision in *Smith*, issued in February 2022, should be retroactively applied to render his convictions void. However, as previously stated, new judicial rulings may only be applied to cases that are pending on the announcement date, and the new judicial ruling may not be applied retroactively to a conviction that has become final because the accused has exhausted all of his appellate remedies. *Greathouse* at ¶ 6. Because Taylor's convictions became final in 2015, he cannot avail himself of the Ohio Supreme Court's holding in *Smith*, which was decided in 2022.

**{¶ 17}** Taylor's first assignment of error is overruled.

**{¶ 18}** Taylor's second assignment of error states:

> THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GURANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION WHEN THE STATE KNOWINGLY USED FALSE EVIDENCE TO OBTAIN HIS CONVICTION.

**{¶ 19}** Taylor argues that the testimony of Louise Tamlyn, a State's witness at trial, was completely unreliable because she perjured herself when she identified Taylor as the perpetrator of the shooting. Taylor also contends that the State was aware that Tamlyn

was lying but still permitted her to testify.

{¶ 20} Upon review, we agree with the trial court and conclude that issues raised by Taylor regarding Tamlyn's testimony in his motion for leave to file a delayed motion for new trial were barred by the doctrine of res judicata, as he could have raised those issues in his direct appeal and raised similar issues in other post-convictions motions. *See State v. Videen*, 2d Dist. Montgomery No. 27479, 2017-Ohio-8608, ¶ 20, citing *State v. Russell*, 10th Dist. Franklin No. 04AP-1149, 2005-Ohio-4063, ¶ 6-7 (finding res judicata barred appellant from raising issues in his motion for new trial that could have been raised in his direct appeal). Significantly, the record establishes that Taylor did raise arguments relating to the prosecutor's remarks during trial about Tamlyn's credibility in his reopened appeal. *See Taylor II* at ¶ 35-51. In the reopened appeal, Taylor also made arguments relating to the credibility of witnesses in general, as well as a manifest weight argument. *Id.* Accordingly, the trial court did not err when it held that Taylor's arguments were barred by res judicata.

{¶ 21} Because they are interrelated, Taylor's third and fourth assignments of error will be discussed together as follows:

THE ADULT COURT ERRED TO THE PREJUDICE OF APPELLANT BY PLACING ON HIM THE BURDEN OF PROVING THE DEFENSE OF ALIBI BEYOND A REASONABLE DOUBT, THEREBY, VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

THE ADULT COURT ABUSED ITS DISCRETION AND DENIED

APPELLANT HIS RIGHT TO FUNDAMENTAL FAIRNESS AND DUE PROCESS AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION[S] WHEN IT DENIED HIS MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL.

{¶ 22} In his third assignment, Taylor argues that the trial court erred when it improperly instructed the jury by suggesting that Taylor had the burden of proving his alibi defense beyond a reasonable doubt. In his fourth assignment, Taylor argues that the trial court erred when it found that his motion for leave to file a delayed motion for new trial was untimely. As previously stated, Taylor was found guilty of the offenses by a jury on March 10, 2010. Taylor did not file his motion for leave to file a delayed motion for new trial until January 26, 2022, over 11 years beyond the 14-day time limitation for filing a motion for new trial.

{¶ 23} Crim.R. 33(B) states as follows:

(B) Motion for New Trial; Form, Time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

{¶ 24} Regarding a hearing on a motion for leave to file a motion for a new trial, this Court has noted:

> * * * We have held that a defendant is entitled to such a hearing if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. York,* [2d Dist. Greene No. 1999-CA-54, 2000 WL 192433 (Feb. 18, 2000)], citing *State v. Wright* (1990), 67 Ohio App.3d 827, 828 * * * (finding affidavits sufficient to warrant a hearing on whether the defendant was unavoidably prevented from discovering the facts upon which his request for a new trial relied). Notably, the documents at issue in York and Wright were affidavits from prosecution witnesses recanting their trial testimony against the defendant.

*State v. McConnell,* 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).

{¶ 25} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion.   *State v. Lanier*, 2d Dist. Clark No. 2009-CA-84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 2001-CA-33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.).   "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)."

(Citations omitted.) *Warwick* at *2. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16.

{¶ 26} " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11.

{¶ 27} Normally, "[w]e review a trial court's ruling on a Crim.R. 33 motion for an abuse of discretion." *State v. Thompson*, 2d Dist. Montgomery No. 25016, 2012-Ohio-4862, ¶ 7. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 28} The evidence on which Taylor relied in support of his motion for leave to file a delayed motion for new trial consisted of the following: 1) the trial testimony of Tamlyn,

which Taylor alleges was perjured; 2) the prosecutor's remarks in opening statements and closing arguments regarding Tamlyn's testimony; and 3) the trial court's instruction to the jury regarding Taylor's alibi defense. Here, Taylor contends that he was unavoidably prevented from filing his motion for leave within 14 days because it took him over two months to obtain a copy of the trial transcript. We have already addressed this issue in *State v. Hutchinson*, 2d Dist. Montgomery No. 17852, 2000 WL 262650 (Mar. 10, 2000). In *Hutchinson*, we held that obtaining a copy of a transcript before filing a motion for a new trial is not sufficient proof to show any petitioner was unavoidably prevented from filing a timely motion for a new trial. *Id.* We also stated:

> Although Hutchinson said he was indigent and was not entitled to free transcripts of the proceedings until his direct appeal was filed, he was in the same position as any other indigent defendant. For that matter, Hutchinson was in the same position as any convicted defendant. Due to the short time limits for filing motions for new trial, the transcript of the trial proceedings is typically unavailable, even to litigants who can pay. Furthermore, the transcript is not needed…[and as] a final point, we note that both the trial court and the litigants ought to be familiar with the evidence in a case which has just been heard.

*Id.* at *7.

{¶ 29} Here, the record establishes that Taylor was present during the entirety of his jury trial, so he was aware of the statements made by all parties, including the witnesses and the prosecuting attorneys, and of the trial court's jury instructions.

Furthermore, the record establishes that he and his trial counsel were provided a copy of the jury instructions prior to their being read to the jury, and the version of the alibi instruction given by the trial court was requested by Taylor and given without objection. *See* 2 Ohio Jury Instructions CR 421.03.[2] We also note that any issues regarding the jury instructions could have been argued by Taylor in his direct appeal from his convictions, but were not, and are therefore barred by res judicata.

{¶ 30} Finally, Taylor's "juvenile status" at the time of his trial cannot form the basis for an excuse from filing a timely motion for leave to file a motion for new trial pursuant to Crim.R. 33(B).

{¶ 31} In light of the foregoing, we find that the trial court did not err when it held that Taylor's motion for leave to file a delayed motion for new trial was untimely, and that he failed to establish that he was unavoidably prevented filing said motion in a timely manner.

{¶ 32} Taylor's third and fourth assignments of error are overruled.

{¶ 33} All of Taylor's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

---

[2] "1. The defendant claims that he was at some other place at the time the offense occurred. This is known as an alibi. The word 'alibi' means elsewhere or a different place. If the evidence fails to establish that the defendant was elsewhere, such failure does not create an inference that the defendant was present at the time when and at the place where an offense may have been committed. If, after a consideration of the evidence of alibi along with all the evidence, you are not convinced beyond a reasonable doubt that the defendant was present at the time in question, you must return a verdict of not guilty."

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Gudonavon J. Taylor
Hon. Robert G. Hanseman
Hon. William H. Wolff, Jr., Visiting Judge