[Cite as *State v. Forsythe*, 2019-Ohio-3117.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-549 |
| | : | |
| JOHN FORSYTHE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of August, 2019.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Safety Building, 201 West Main Street, Prosecutor's Office, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

BEN M. SWIFT, Atty. Reg. No. 0065745, P.O. Box 49637, Dayton, Ohio 45449
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  John Forsythe appeals from the trial court's December 3, 2018 judgment entry of conviction, following his plea of guilty to one count of compelling prostitution, in violation of R.C. 2907.21(A)(2)(b).   On May 30, 2019, the State filed a notice of conceded error, in which it acknowledged that Forsythe was not advised of the maximum possible penalties, "specifically the sex offender tier and the requirements of registration," prior to entering his guilty plea, and that the trial court erred at sentencing when it designated Forsythe a Tier III sex offender rather than a Tier II sex offender.   We hereby reverse the judgment of the trial court, vacate Forsythe's plea, and remand the matter for further proceedings.

{¶ 2}  Forsythe was originally charged by way of complaint in the Miami County Municipal Court.   He waived his right to a preliminary hearing, and in lieu of grand jury action, he was charged by way of a bill of information, having waived prosecution by indictment. Forsythe entered his guilty plea on October 24, 2018.   At Forsythe's plea hearing, defense counsel advised the court that in exchange for Forsythe's waiving a preliminary hearing and grand jury consideration and entering a guilty plea, the State agreed not to bring additional charges.   When the court asked Forsythe if he had previously been convicted of a felony, Forsythe stated that he had been convicted in 2012 of gross sexual imposition. After Forsythe entered his plea, the court stated as follows:

Let the record reflect that the Court finds that Defendant, John M. Forsythe, is making a knowing, intelligent and voluntary decision to tender a plea of guilt[y] to the sole count in the Bill of Information, which is a Felony 3 Compelling Prostitution.   The Court will further find that the Defendant, Mr. Forsythe, has been informed of his constitutional rights; that he

understands the nature of the charge, the effect of his guilty plea as well as the possible penalties that this Court can impose. Therefore the Court will accept the Defendant's guilty plea, find him guilty to the Felony 3 Compelling Prostitution. Now Mr. Forsythe because you're pleading to a sexually oriented offense, the Court must go over some general notifications. Because you're pleading guilty to a sexually oriented offense, you – you'll be required to register as a sexual offender. * * *

{¶ 3} After confirming that Forsythe understood and having him sign a "Notification to Defendant Regarding Sexually Oriented/Child Victim Offenses," the court conducted a sex offender registration classification hearing and advised Forsythe about the registration requirements, including that he could not reside within 1000 feet of any school premises. The court indicated, "You will be required to fulfill these requirements for a period of time. As a result of the nature of the offense that you've just pl[ed] guilty to, you will be designated, by operation of law, as a Tier II Sex Offender. At the time of sentencing, I will advise you of specific requirements and duties you must comply with as a Tier II Sex Offender."

{¶ 4} At sentencing, a different judge presided. The following exchange occurred:

JUDGE: * * * [B]efore we proceed to sentencing, I need, I spoke to counsel about this, at the hearing on which Mr. Forsythe entered [a] guilty plea to this charge, this third degree felony compelling prostitution charge, he was told, I believe, that this offense would require him to register as a Tier II sex offender, and while I wasn't there I did see some notes from the court reporter that indicated that's what he was told. In looking at the

statute, because this offense, which is normally a Tier II registration offense, because this occurred while the Defendant had a duty to register as a Tier II offender because of his prior conviction, then that makes this offense what's called a Tier III registration offense, and because it's a Tier III registration offense he would be required to register for the remainder of his life, and he has to do that by going to the local sheriff's office every 90 days for the rest of his life, so that is the principle difference between a Tier II and a Tier III. A Tier II only would be required to register for 25 years with in-person verification every 180 days or twice a year. Do you understand what I've just said?

MR. FORSYTHE: Yes, your honor.

THE COURT: Because that was part of your plea, that you were told it was a Tier II sex offense, I want to ask you whether you still wish to stand on your guilty plea knowing that this is actually a Tier III offense and the registration requirements are more, there's more required; do you understand that?

MR. FORSYTHE: Yes, your honor.

JUDGE: Do you want to go ahead and stand on your guilty plea.

MR. FORSYTHE: Yes, your honor.

{¶ 5} The court sentenced Forsythe to 18 months in prison.

{¶ 6} Forsythe raises two assignments of error on appeal. Forsythe's first assignment of error is as follows:

THE TRIAL COURT ERRED WHEN [IT] ACCEPTED FORSYTHE'S

GUILTY PLEA WITHOUT NOTIFYING FORSYTHE OF THE POSSIBLE MAXIMUM PENALTIES INVOLVED WITH HIS PLEA.

{¶ 7} Crim.R. 11(C)(2)(a) provides, in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 8} As this Court has noted:

In *State v.* Williams, 129 Ohio St.3d 324, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16, the Ohio Supreme Court held that the Adam Walsh Act version of R.C. Chapter 2950 is punitive, not remedial.   As a result, * * * Crim.R. 11 obligates a trial court to advise a defendant who is being sentenced under the Adam Walsh Act at least of the basic registration requirement before accepting his plea. * * *

*State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 9.

{¶ 9} The State so concedes.   The State further concedes that the trial court failed to inform Forsythe before his guilty plea that the conviction would require him to register as a sex offender.   Therefore, his guilty plea was not knowing, intelligent, and voluntary. We agree with Forsythe and the State, and Forsythe's first assignment of error is

accordingly sustained.

{¶ 10} Forsythe's second assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT DESIGNATED FORSYTHE A TIER III SEX OFFENDER.

{¶ 11} The State concedes as follows:

Assuming arguendo that the Appellant had been properly advised of the sex offender registration requirements prior to entering his guilty plea, the sentencing court improperly designated the Appellant a Tier III sex offender. As indicated in Appellant's brief, the record provided from Darke County Common Pleas Court reflects that the Appellant was previously designated a Tier I sex offender. As such, whether by virtue of the conviction for Compelling Prostitution or by virtue of the Defendant committing a subsequent sex offense after having been previously designated a Tier I sex offender, he should have been designated a Tier II sex offender. R.C. §2950.01(F)(1)(a) & (j).

{¶ 12} Attached to Forsythe's brief is his judgment entry of conviction in Darke County C.P. No. 2011-CR-176. It provides that Forsythe pled guilty to one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a felony of the fourth degree, and that he was "classified as a 'Tier I' sex offender." Forsythe's PSI also provided that he was convicted of one count of unlawful sexual conduct with a minor in Darke County C.P. No. 2011-CR-176. The PSI further provided that Forsythe "was in a relationship with the victim who was 15 years of age, that resulted in them having a sexual relationship, when the Defendant was 22 years of age."

{¶ 13} As noted above, Forsythe advised the court at his plea hearing that he had been previously convicted of gross sexual imposition, which is proscribed by R.C. 2907.05. The docket on the court's website indicates that he was originally charged in the Darke County case with four counts of unlawful sexual conduct with a minor, that three of the charges were dismissed, and that he pled guilty to one amended charge of gross sexual imposition. (Docket accessed June 17, 2019).

{¶ 14} R.C. 2950.01provides:

(F) "Tier II sex offender/child-victim offender" means any of the following:

(1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:

(a) A violation of section 2907.21 * * *;

(b) A violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct * * *;

* * *

(j) Any sexually oriented offense that is committed after the sex offender previously has been convicted of, pleaded guilty to, or has been adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense for which the offender was classified a tier I sex offender/child-victim offender * * *.

{¶ 15} Given the inconsistencies between Forsythe's statement at his plea

hearing, the court's on-line docket, the judgment entry of conviction from Darke County, and the trial court's remarks regarding Forsythe's prior conviction, we cannot determine whether, upon a conviction for compelling prostitution, he would be properly classified as a Tier III sex offender. However, because we reverse his conviction and vacate his plea, we need not address this issue at this time. We simply note the lack of clarity in the record. On remand, should Forsythe again be found guilty after entering a plea or going to trial, the trial court will be required to consider Forsythe's proper sex offender classification.

{¶ 16} Having sustained Forsythe's first assignment of error, the judgment of the trial court is reversed, Forsythe's plea is vacated, and the matter is remanded for further proceedings.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Janna L. Parker
Ben M. Swift
Hon. Stacy M. Wall