[Cite as *State v. West*, 2022-Ohio-1611.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29251 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-510 |
| | : | |
| SCOTTY WEST | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, P.O. Box 145, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Scotty West appeals from his conviction, on his guilty pleas, of two counts of sexual battery in violation of R.C. 2907.03(A)(9), felonies of the third degree; one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31, a felony of the fifth degree; and one count of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(5), also a felony of the fifth degree. The court sentenced West to 60 months each on the sexual batteries and to 12 months each on disseminating matter harmful to juveniles and illegal use of a minor in nudity-oriented material, all to be served concurrently. The court also designated West a Tier III sex offender with a lifetime registration requirement every 90 days for the sexual batteries and designated him a Tier I sex offender with a duty to register annually for 15 years for illegal use of a minor in a nudity-oriented material. We will affirm the judgment of the trial court.

{¶ 2} On February 20, 2020, West was indicted on the charges listed above, as well as pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), a felony of the second degree. He initially pled not guilty to all the offenses. West filed a motion to suppress on March 10, 2020. The court held a hearing on the motion on June 25, 2020.[1] On January 21, 2021, the court overruled West's motion to suppress.

{¶ 3} After his motion to suppress was overruled, West entered into a plea

_____

[1] On August 12, 2020, West filed an amended motion to suppress, which added an additional argument related to the search of electronic items seized from his residence. However, he withdrew this branch of the motion before the trial court ruled on the motion.

agreement whereby he pled guilty to four offenses as described above, and the pandering obscenity charge was dismissed. He was found guilty on his guilty pleas and sentenced as described above.

**{¶ 4}** West raises four assignments of error on appeal. We will consider his first and second assignments of error together. They are as follows:

WEST'S PLEA WAS NOT VOLUNTARY, KNOWING NOR INTELLIGENT.

THE TRIAL COURT FAILED TO PROPERLY ADVISE WEST OF POST RELEASE CONTROL FOR THE OFFENSE FOR WHICH HE ENTERED A GUILTY PLEA AT THE TIME OF HIS PLEA AND THEREFORE, BOTH HIS PLEA AND SENTENCE SHOULD BE VACATED.

**{¶ 5}** In his first assignment of error, West asserts that the trial court failed to comply with Crim.R. 11(C)(a) when it "affirmatively misadvised" him of the reporting and notification requirements under R.C. Chapter 2950 for the offenses to which he pled guilty. West asserts that the court failed to comply with Crim.R. 11(C)(2)(a) when it "affirmatively misinformed" him of his registration and notification requirements related to his conviction for illegal use of a minor in a nudity-oriented material or performance. West relies on *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, and he asserts that his plea must be vacated.

**{¶ 6}** In his second assignment of error, West contends that, although the trial court properly advised him of the mandatory post-release control that could be imposed

for the sexual batteries, the court failed to properly advise him of the mandatory post-release control on the other offenses to which he was entering a plea. He also asserts that the court "misadvised" him that he could be required to serve a term of post-release control on the offense for which he was not entering a plea, "and even so, this information was incorrect."

{¶ 7} In response, the State contends that the trial court substantially complied with the requirements of Crim.R. 11 such that West's plea was knowing, intelligent, and voluntary, and that West cannot establish prejudice as a result of the trial court's "lack of full compliance." The State did acknowledge some error:

> * * * [T]he trial court was mistaken * * * in suggesting to West that the [sex offender] designation was only "preliminary" and was somehow subject to change. The trial court also mistakenly *overstated* the registration requirements that would result from West's conviction for Illegal Use of Minor in Nudity-Oriented Material under R.C. 2907.323(A)(3), telling West he would be required to register every 180 days for 25 years when, in actuality, the registration requirement for that offense (a Tier I offense) is annually for 15 years. * * *

However, the State contends that, because the trial court "partially, if not substantially, complied" with the sex-offender notification requirements when taking West's plea, West must demonstrate prejudice before his plea can be vacated. It further argues that West did not argue or presented any evidence that he was prejudiced and would not have entered his pleas had the trial court accurately informed him of the sex-offender

registration requirements during the plea colloquy. The State also notes that West's plea form informed him that he would be a Tier III offender.

{¶ 8} In reply, West argues that he does not have to demonstrate prejudice where the trial court completely failed to "definitively advise then misinformed" him of the penalties involved. He contends that, although the trial court did advise him of some registration requirements, the court told West that these were "preliminary," that a hearing would be held to determine his "status," and that he would be advised of his status and the registration requirements at the time of sentencing. West further asserts that "the preliminary status and registration requirements given by the trial court were incorrect." According to West, "because the trial court failed to advise [him] of the maximum penalty involving his registration and notification requirements, the trial court failed to comply with Crim.R. 11(C)(2)(a)."

{¶ 9} At the start of West's plea hearing, the court ascertained that West was a U.S. citizen, was not under the influence of drugs or alcohol, and was not on community control sanctions, probation, parole, or post-release control. The court advised West of the maximum prison sentences and financial sanctions it could impose as a result of his guilty pleas, and West acknowledged his understanding.

{¶ 10} The court's dialogue with West continued:

THE COURT: Also, sir, upon completing any prison sentence, if there is one, you may be required to serve a period of up to three years of post-release control on the felonies of the second degree. And on the felonies of the third degree, you would be required to serve a period of five

years of post-release control under the supervision of the parole board.

* * *

THE COURT: Now, sir, because these are sexual [sic] oriented offenses, I also need to tell you that -- I think in two of the offenses at least -- you would be designated as a sexual or child-victim offender in which you may not reside within 1,000 feet of any school premise. Also, you may be required to register your residence, place of employment, school attending, or place of obtaining higher education in person with the sheriff of the county in which you establish residency.

You may also be required to file a notice of intent to reside. After the date of your initial registration, you will be required to periodically verify your residence in person at the sheriff's office. If you change your address, school, employment, or place of higher education you will be required to notify the sheriff and register the new information. You will be required to fulfill these requirements for a period of time. A hearing will be held at which time the Court will determine your sexual status - - your sexual offender status.

It appears right now that on the charge of use of a minor in a nudity-oriented material, that would be a -- what we call a Tier II level, which means that you must register every 180 days for 25 years. I do not believe there's any requirement on the other at five, I believe?

[THE PROSECUTOR]: That's correct.

THE COURT:   * * * And on the felonies of the third degree, on both of those, the - - it looks like preliminarily you would be designated as what we call a Tier III offender, which means that you must register every 90 days for life.   Your failure to comply with these registration requirements is a crime in and of itself, and you [sic] will result in criminal prosecution.   And I will formally tell you what the designation is at the time of sentencing. Do you understand that?

THE DEFENDANT:   Yes, sir.

{¶ 11} The court then advised West of his constitutional rights, and West acknowledged his understanding of those rights.   The prosecutor read statements of the charges, and West acknowledged his understanding.   West indicated that he had had the opportunity to discuss his case with defense counsel and that he was satisfied with counsel's representation.   West indicated that his pleas were voluntary, that he understood the proceedings, and that he had no questions for defense counsel or the court.

{¶ 12} After West entered his pleas and signed the plea form, the court found that West understood the nature of his constitutional rights and knowingly, intelligently and voluntarily waived those rights.   The court further found that West understood the nature of the offenses, the maximum penalties that could be imposed, his eligibility for community control sanctions, and that he could be required to pay a fine, restitution, court costs, and other financial sanctions and to register as a sexually-oriented offender.

{¶ 13} West's plea form for the count of sexual battery stated that he understood

that he would be a Tier III Offender. His plea form for illegal use of a minor in nudity oriented material stated that he understood that he would be a Tier II Offender. The judgment entry of conviction designated West as a Tier III sex offender on the sexual batteries, with the requirement that he register every 90 days for life, and designated him as a Tier I sex offender on illegal use of a minor in a nudity oriented material, with the requirement that he register annually for 15 years.

{¶ 14} As this Court has noted:

> To "satisfy the requirements of due process, a plea of guilty * * * must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate" as much. *State v. Chessman*, 2d Dist. Greene No. 03-CA-100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12, citing *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012-Ohio-199, ¶ 13. A trial court accordingly "must comply with Crim.R. 11(C)" before accepting a plea. (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6. *Chessman* at ¶ 15.
>
> Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required. *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. Where a trial court fails to comply strictly with Crim.R. 11(C)(2)(c), the defendant's plea should be deemed invalid on appeal. *See State v.*

*Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 16; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31-32.

Crim.R. 11(C)(2)(a) requires that a trial court determine whether a defendant is "making [his] plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court inform the defendant of the consequences of the plea. Given that these parts of the rule relate to nonconstitutional issues, the "defendant must affirmatively show prejudice to invalidate [his] plea" where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b) . (Citation omitted.) *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14; *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 16 (12th Dist.). To show that he was prejudiced by the trial court's partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must demonstrate that he "would [not] otherwise have entered the plea." *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. Where a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), however, a defendant's plea should be invalidated on appeal, and the defendant need not show prejudice. *Dangler* at ¶ 14; *Rogers* at ¶ 16.

*State v. Jackson*, 2d Dist. Montgomery No. 29107, 2021-Ohio-4336, ¶ 6-8.

{¶ 15} Crim.R. 11(C) provides, in part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote

contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 16} As this Court noted in *State v. Forsythe,* 2d Dist. Miami No. 2019-CA-2, 2019-Ohio-3117:

In *State v.* Williams, 129 Ohio St.3d 324, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16, the Ohio Supreme Court held that the Adam Walsh Act version of R.C. Chapter 2950 is punitive, not remedial. As a result, * * * Crim.R. 11 obligates a trial court to advise a defendant who is being sentenced under the Adam Walsh Act at least of the basic registration requirement before accepting his plea. * * *

*Id.* at ¶ 8, quoting *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 9.

{¶ 17} As this Court noted in *State v. Hall*, 2021-Ohio-1894, 173 N.E.3d 166, ¶ 31 (2d Dist.):

* * * In *Dangler*, the Supreme Court held that the trial court's failure to separately go over the sex offender registration and in-person verification requirements, community-notification provisions, and residence restrictions imposed by the sex offender registration scheme when accepting

defendant's no contest plea did not constitute a complete failure to comply with the criminal procedure rule governing pleas of guilty and no contest in felony cases. *Id.* at syllabus. The *Dangler* court also found that sex offender duties were punitive in nature and part of the maximum penalty imposed, but because the duty to enroll in the registry is a non-constitutional aspect of the defendant's plea, the trial court only had to substantially comply during the Crim.R. 11 colloquy, and therefore the defendant must establish that he was prejudiced. * * *

{¶ 18} R.C. 2950.01(E)(1)(d) provides, in part, that a Tier I sex offender is a sex offender who pleads guilty to a violation of R.C. 2907.323(A)(3), i.e., illegal use of a minor in nudity oriented material.

{¶ 19} Regarding West's first assignment of error, we agree with him that the trial court erred in advising him (both orally and in the plea form) that he was subject to a Tier II designation for illegal use of a minor in nudity oriented material, when in fact he was subject to a Tier I designation for that offense. However, the court did inform West that he was subject to sex offender classification for that offense, as well as to Tier III classification for the sexual batteries. Thus, the record does not reflect a *complete* failure to comply with Crim.R. 11(C)(2)(a). West acknowledged that he understood the proceedings and that he did not have any questions for defense counsel or the court. In other words, West acknowledged that he was subject to a registration requirement "every 90 days for life."

{¶ 20} Further, we cannot conclude that West has shown prejudice; he has failed

to even argue that he would not have entered his plea to illegal use of a minor in nudity oriented material if had he been advised that he was in fact subject to the less onerous Tier I designation for that count.

{¶ 21} We note that the matter herein is distinct from *Hawkins,* 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 9. The "State incorrectly said during the hearing in *Hawkins* that the defendant would be required to register as a Tier II, or lower level offender, when he was, in fact, required to register under Tier III." *State v. Young*, 2d Dist. Greene No. 2013-CA-22, 2014-Ohio-2213, ¶ 11, citing *Hawkins*. In *Hawkins,* we "found significance of the misstatement about the tier level." *Young* at ¶ 24. We concluded:

> * * * [I]n *Hawkins,* the misinformation resulted in prejudice because Hawkins was advised he was entering a plea to a Tier II offense (with no community notification requirements) but actually Tier III applied that required community notification and lifetime reporting requirements. As *Hawkins* illustrates, a trial court giving a defendant incorrect, prejudicial information may result in a finding of noncompliance.

*Id.*

{¶ 22} Since the trial court did not completely fail to comply with Crim.R. 11(C)(A)(2) in West's case, and the record does not demonstrate prejudice as in *Hawkins*, we cannot conclude that West's guilty plea was not knowing, intelligent, and voluntary.

{¶ 23} West's first assigned error is overruled.

{¶ 24} In his second assignment of error, West asserts that the trial court properly

advised him of the post-release control on the third-degree, sexual battery offenses, but failed to properly advise him of the mandatory post-release control on the two fifth-degree felonies to which he entered guilty pleas. He also asserts that the trial court "misadvised" him that he could be required to serve a term of post-release control on the pandering offenses that was dismissed as part of the plea agreement.

{¶ 25} According to the State, it is obvious that the trial court misspoke when mentioning post-release control for the pandering offense, because West did not plead guilty to that offense. The State further argues that, because the trial court correctly advised West that any prison sentence that was imposed for the sexual batteries would be followed by a mandatory term of five years post-release control, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) as to advising West of the requirements of post-release control.

{¶ 26} The State further asserts that West does not argue that he would not have pled guilty and would have gone to trial had he known that the mandatory term of five years post-release control "applied to all four of the counts for which he pleaded guilty, rather than just two of the counts," and that such a claim, even if it had been made, "would have been incredible." According to the State, "since West was aware that he would be required to serve a mandatory period of post-release control following his release from prison on at least two of the counts for which he pled, no prejudice resulted from the trial court's error with respect to the remaining, lesser counts."

{¶ 27} Pursuant to R.C. 2967.28(B)(1), West was subject to five years of post-release control for each of the felony sex offenses to which he pled guilty. In *State v.*

*Taylor*, 2d Dist. Montgomery No. 28276, 2019-Ohio-4485, we noted:

Pursuant to R.C. 2967.28(F)(4)(c), "[i]f an offender is subject to more than one period of post-release control," as is the case here, "the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court." The statute also provides that "[p]eriods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." *Id.* Therefore, as this court explained in *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, even when a defendant is sentenced to multiple prison terms, only one term of post-release control is actually served, and "[t]he trial court [is] not required to separately and expressly notify [the] Defendant of the terms of post-release control applicable to each of the * * * offenses for which prison terms [are] imposed." *Id.* at ¶ 23, 25. Instead, it is "sufficient for a trial court to simply notify a defendant of the longest period of post-release control that applies since any other lesser periods of post-release control are subsumed by the greater term." *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, ¶ 26, citing *Sulek* at ¶ 23 and *State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶ 10.

*Id.* at ¶ 9.

**{¶ 28}** Here, the trial court correctly informed West that he was subject to five years of post-release control for the sexual batteries. For the reasons set forth in *Taylor*, we

conclude that his second assignment of error lacks merit, and it is overruled.

{¶ 29} West's third assignment of error is as follows:

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE WEST TO ENTER A NO CONTEST PLEA WHEN THERE EXISTED A VIABLE ARGUMENT ON APPEAL THAT THE TRIAL COURT ERRED WHEN IT OVERRULED WEST'S MOTION TO SUPPRESS.

{¶ 30} West asserts that trial counsel failed to advise him that a guilty plea precluded his ability to challenge the trial court's ruling on his motion to suppress and that, because the trial court erred in overruling West's motion to suppress, it was ineffective assistance for trial counsel not to advise him to file a no contest plea and preserve the error.  He also asserts that the evidence in the case "could have led to a verdict in his favor" if he had gone to trial.

{¶ 31} The State responds that the record is silent as to defense counsel's discussions with West about the difference between a plea of guilty and a plea of no contest and about whether counsel advised West that a guilty plea would waive the right to appeal the denial of the motion to suppress.   However, the record does reflect that the trial court advised West that his guilty plea waived his right to appeal pretrial rulings. Further, the State asserts that there is no suggestion in the record that the State would have been willing to enter the same agreement (dismissal of the highest-level felony) in exchange for a no-contest plea.   Finally, the State points out that West does not assert that he would have rejected the State's plea offer had his counsel advised him that his guilty plea waived his right to appeal the trial court's suppression ruling.

{¶ 32} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); *State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 14.

{¶ 33} In *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221, ¶ 5, we noted:

On appeal, Barron challenges only the trial court's suppression ruling. He contends the search of the backpack was unlawful. As the State notes, however, Barron's guilty plea waives his ability to challenge the suppression ruling on appeal. *See*, *e.g.*, *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 5, citing *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Moreover, any error in the suppression ruling necessarily would be harmless where Barron's conviction resulted from his guilty plea and none of the evidence at issue was admitted against him. *Id.* Finally, although Barron has not raised the

issue, we cannot say that allowing him to plead guilty rather than no-contest constituted ineffective assistance of counsel where the plea was a negotiated one. In exchange for a guilty plea, the State agreed to sentencing-related concessions. Nothing in the record indicates that the State would have made the same concessions in exchange for a no-contest plea. *See State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 17.[2]

(Footnote added.)

**{¶ 34}** The same is true herein. As part of the negotiated plea agreement, the State agreed to dismiss Count III, pandering obscenity involving a minor, a second degree felony and the most serious of the charges against West. The record does not reflect what advice counsel may have given West prior to his pleas. *See State v. Lindsey*, 2d Dist. Montgomery No. 28025, 2019-Ohio-1550, ¶ 17, citing *McGlown* at ¶ 17 (the record did not reflect what advice defense counsel gave to the defendant about pleading guilty versus no contest or whether counsel told him that pleading guilty would not preserve the suppression issue for appeal; thus defendant could not demonstrate deficient performance). In this case, the trial court advised West at the plea hearing that a guilty plea was a complete admission of his guilt and that he was giving up his right to appeal any pretrial rulings by entering a guilty plea, and West indicated his understanding of the

---

[2] McGlown further held that, "[t]o establish on direct appeal McGlown's claim of ineffective assistance of trial counsel, the record would have to show that: (1) the State would have agreed to a no-contest plea on the same terms; (2) her counsel failed to advise her that a no-contest plea, in contradistinction to a guilty plea, would preserve the suppression issue for appeal; and (3) had McGlown been so advised, she would have rejected the plea offer. The record fails to establish any of these facts." *McGlown* at ¶ 17.

court's advisement. We conclude that ineffective assistance of counsel is not demonstrated, and West's third assignment of error is overruled.

{¶ 35} West's fourth assignment of error is as follows:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S MAXIMUM SENTENCES BY CLEAR AND CONVINCING EVIDENCE.

{¶ 36} West asserts that the trial court's imposition of the maximum prison sentences did not "achieve the principles and purposes of sentencing" under R.C. 2929.11 and that the court improperly weighed the seriousness and recidivism factors under R.C. 2929.12. He asserts that community control sanctions, including treatment, would have been "a more appropriate punishment" than maximum prison terms. West acknowledges that the Ohio Supreme Court has held that such an analysis is not appropriate for appellate review, citing *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, and that an appellate court cannot consider whether "the facts in a case supported imposing community control sanctions. However, he "wishes to preserve his argument." According to West, the facts and mitigating circumstances supported community control sanctions rather than prison.

{¶ 37} As we recently noted in *State v. Carter,* 2d Dist. Clark No. 2021-CA-29, 2022-Ohio-543:

* * * [T]he Supreme Court of Ohio clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2) in *State v. Jones,* 163 Ohio.St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a

basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

In *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to

law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

*Id.* at ¶ 7-8.

**{¶ 38}** Pursuant to *Jones,* and as West acknowledges, analysis of whether West's sentence was clearly and convincingly not supported by the record under R.C. 2929.11 and R.C. 2929.12 is precluded. Accordingly, West's fourth assignment of error is overruled.

**{¶ 39}** Having overruled all of West's assigned errors, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Johnna M. Shia
Hon. Dennis J. Adkins