[Cite as *State v. Fields*, 2024-Ohio-3328.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29620 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03837 |
| | : | |
| TERRY FIELDS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 30, 2024

. . . . . . . . . . .

RICHARD L. KAPLAN, Attorney for Appellant

MATHIAS H. HECK, JR., by NATHAN B. VANDERHORST, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Terry Fields appeals from his convictions, following guilty pleas, on three counts of sexual battery and one count of illegal use of a minor in nudity-oriented material or performance ("illegal use"). For the following reasons, the judgment of the trial court

is affirmed.

**Facts and Procedural History**

{¶ 2} On November 29, 2021, Fields was indicted on six counts of sexual battery and two counts of illegal use. Fields pled not guilty and filed a motion to suppress statements he had made to law enforcement officers and other evidence. The court found that Fields's waiver of his rights during questioning was knowing, intelligent, and voluntary, such that suppression of his statements to law enforcement officers was not warranted, and that he had voluntarily consented to the search of his cell phone. The court also found that two search warrants had been based on probable cause that evidence of the offenses would be found in Fields's residence and vehicle. The motion to suppress was overruled.

{¶ 3} On July 14, 2022, Fields pled guilty to three counts of sexual battery and one count of illegal use. In exchange for his pleas, the other counts were dismissed, and the parties agreed that Fields's sentence would not exceed five years. The trial court designated Fields a Tier III sex offender for the sexual battery offenses and a Tier I sex offender for the illegal use offense. Fields was sentenced to 36 months for each count of sexual battery and to 12 months for illegal use, all to be served concurrently.

{¶ 4} Fields's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he was unable to identify any meritorious issues for review. On August 9, 2023, we set aside the *Anders* brief after identifying at least one non-frivolous issue, namely whether the trial court had properly advised Fields of his Tier I sex offender classification for the illegal use offense. Different counsel was appointed for

Fields, and Fields's brief was filed on December 7, 2023.

{¶ 5} Fields asserts two assignments of error on appeal. His first assignment of error states:

THE TRIAL COURT ERRED WHEN IT DESIGNATED MR. FIELDS A TIER I SEX OFFENDER BECAUSE THE COURT FAILED TO NOTIFY MR. FIELDS OF THE MANDATORY TIER I SEX OFFENDER STATUS FOR THE CONVICTION OF ILLEGAL USE OF A MINOR IN A NUDITY-ORIENTED MATERIAL OR PERFORMANCE PURSUANT TO R.C. 2907.232(A)(3).

{¶ 6} Fields asserts that, because the trial court did not inform him that he would be classified as a Tier I sex offender as a result of his guilty plea to illegal use of a minor, the court failed to comply with Crim.R. 11(C), which required that his plea be vacated.

{¶ 7} The State points out that the registration requirements for Tier III sex offenders are more onerous than those for Tier I offenders and, therefore, Fields will comply with his obligations under Tier I by virtue of complying with Tier III for the sexual battery offenses. The State contends that the trial court partially complied with Crim.R. 11(C) by informing Fields of his obligations as a Tier III offender and that Fields cannot show that he was prejudiced by the trial court's failure to further advise him that he would be classified as a Tier I sex offender and of his obligations under that tier. The State argues that, because Fields indicated in his plea colloquy that he understood the more stringent Tier III registration requirements (that he would be required to register as a sex offender every 90 days for the rest of his life), he cannot successfully demonstrate that

the trial court completely failed to inform him of the maximum penalty in accordance with Crim.R. 11(C).

{¶ 8} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v. Bishop,* 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. Crim.R. 11(C) governs pleas of guilty in felony cases, and a "trial court's compliance with Crim.R. 11(C) ensures that a plea comports with due process." *State v. Perdue*, 2022-Ohio-722, ¶ 10 (2d Dist.).

{¶ 9} "Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required." *State v. Jackson*, 2021-Ohio-4336, ¶ 7 (2d Dist.), citing *State v. Thompson*, 2020-Ohio-211, ¶ 5 (2d Dist.). "Where a trial court fails to strictly comply with Crim.R. 11(C)(2)(c), the defendant's plea should be deemed invalid on appeal." (Citations omitted). *Id.*

{¶ 10} Crim.R. 11(C)(2)(a) requires that a trial court ascertain whether a defendant is "making the plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court ascertain that the defendant understands "the effect of the plea of guilty." These parts of the rule relate to nonconstitutional issues, and the " 'defendant must affirmatively show prejudice to invalidate the plea where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b).' " *Jackson* at ¶ 8, quoting *State v. Dangler*, 2020-Ohio-2765, ¶ 14. To demonstrate prejudice resulting from partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must show that he "would [not] have otherwise entered the plea." *Id.,* citing *Thompson.* If, however, a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), the

defendant's plea should be invalidated on appeal, and a showing of prejudice is not required. *Id.,* citing *Dangler* at ¶ 14.

{¶ 11} R.C. 2950.01(E)(1)(d) designates one who pleads guilty to illegal use as a Tier I sex offender/child victim offender. R.C. 2950.01(G) designates one who pleads guilty to sexual battery as a Tier III sex offender/child victim offender.

{¶ 12} In *Dangler*, the trial court advised the defendant that he would be required to register as a Tier III sex offender, which meant he would have an obligation to register for his lifetime. *Id.* at ¶ 4. Dangler argued that his plea had not been knowing, intelligent, and voluntary because the court did not advise him of residency restrictions, community notification requirements, and in-person verification every 90 days of where he lived, worked, and went to school. *Id.* at ¶ 6. The Sixth District vacated the plea without requiring a demonstration of prejudice on the basis that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a) by failing to review each "penalty" associated with a Tier III classification. *Id.* at ¶ 8, 21.

{¶ 13} The Supreme Court of Ohio reversed and upheld the plea. *Id.* at ¶ 24, 26. After noting the general rule requiring a showing of prejudice for vacating a plea, the court noted the two exceptions, namely (1) the failure to explain the constitutional rights waived by a guilty plea, and (2) the complete failure to comply with a non-constitutional part of Crim.R. 11(C). *Id.* at 14-15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. *Dangler* explained: "the questions to be answered are

simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type [constitutional right/Crim.R. 11(C)(2)(c), or complete failure/Crim.R. 11(C)(2)(a)-(b)] that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

{¶ 14} In *State v. West*, 2022-Ohio-1611, ¶ 19 (2d Dist.), the trial court erred in advising West (both orally and in the plea form) that he was subject to a Tier II designation for illegal use, when in fact he was subject to a Tier I designation for that offense. But the court did inform West that he was subject to sex offender classification for that offense as well as to Tier III classification for sexual batteries. We found that the record did not reflect "a *complete* failure to comply with Crim.R. 11(C)(2)(a)" and noted that West had "acknowledged that he was subject to a registration requirement 'every 90 days for life.' " (Emphasis in original.) *Id.* We found it significant that West "failed to even argue that he would not have entered his plea to illegal use of a minor in nudity oriented material if he had been advised that he was in fact subject to the less onerous Tier I designation for that count." *Id.* at ¶ 20.

{¶ 15} *West* distinguished the matter therein from *State v. Hawkins,* 2013-Ohio-2572 (2d Dist.), wherein the State incorrectly stated that the defendant would be required to register as a Tier II offender when he was, in fact, required to register under the more onerous Tier III. *West* at ¶ 21, citing *Hawkins.* In *Hawkins,* we found it significant that the tier level had been misstated, concluding that the misinformation prejudiced Hawkins because he was not advised about community notification and lifetime reporting

requirements unique to a Tier III designation. *Hawkins* at ¶ 16; *West* at ¶ 21.

**{¶ 16}** In *State v. Wroten*, 2023-Ohio-966, ¶ 76-77 (2d Dist.), we noted:

In cases decided after *Dangler*, courts have even held that partial compliance existed where there was "execution of a written plea agreement advising [the defendant] he would be subject to Tier II and III sex-offender requirements, combined with the prosecutor's statement at the plea hearing." *State v. McFadden*, 10th Dist. Franklin No. 20AP-179, 2021-Ohio-2204, ¶ 35 (agreeing with *State v. Dornoff*, 6th Dist. Wood No. WD-16-072, 2020-Ohio-3909, ¶ 17, that the defendant needed to show prejudice). In *Dornoff*, the trial court did not inform the defendant of the requirements; the only statement was from the prosecutor, who noted the defendant would be subject to Tier III registration. In addition, while the plea form the defendant signed indicated he would be subject to registration, it did not outline the punitive consequences. *Dornoff* at ¶ 4. Nonetheless, the defendant still had to show prejudice. *Id.* at ¶ 17.

Similarly, in *McFadden*, the trial court did not advise the defendant at the plea hearing, but the prosecutor stated that the defendant would be required to register as a Tier III offender. *McFadden* at ¶ 33. However, the plea form did say that the defendant would be required to comply with Tier III requirements, including residency conditions. *Id.*

**{¶ 17}** In Fields's case, the court advised him as follows:

And I also need to tell you, sir, because this is a sexually-oriented

offense, that as such, as a sexual offender or a child-victim offender, you are going to be required not to reside within a 1,000 feet of any school premises. Also, you may be required to register your residence, place of employment, school attending, or place of obtaining higher education with the sheriff of the county of which you establish residency. You are also required to file a notice of intent to reside. After the date of the initial registration, you will be required to periodically verify your residence in person at the sheriff's office. If you change your address, school, employment, or place of higher education, you will be required to notify the sheriff and register the new information. You will be required to fulfill these requirements for a period of time. A hearing will be held at which time the Court will determine your sexual offender status, which will be at sentencing.

Your failure to comply with these registration requirements is a crime and will result in criminal prosecution.

The court further advised Fields, "it'll be a Tier 3. I will make that determination formally at sentencing. But a Tier 3, sir, means you'd have to register every 90 days for the rest of your life." Fields acknowledged his understanding.

{¶ 18} Fields's plea form for the sexual battery offenses stated that he understood he would be a Tier III sex offender and unable to reside within 1000 feet of a school, preschool, or child daycare premises, and he would be subject to address verification every 90 days for life and subject to community notification. His plea form for the illegal

use offense stated that he understood that he would be a Tier I sex offender and unable to reside within 1000 feet of a school, preschool, or child daycare premises, and subject to address verification annually for 15 years. Immediately after Fields read and signed the plea forms, he responded affirmatively when the court asked, "have you understood everything that's happened here so far today?" Fields's signatures appeared below his acknowledgment of the penalties for a Tier III and a Tier I offender designation on each form.

{¶ 19} The best practice is for the trial court to always orally advise a defendant at the plea hearing regarding each individual sex offender designation. The trial court failed to do here. We cannot conclude, however, that the trial court completely failed to comply with Crim.R. 11. The court orally advised Fields that he was subject to the penalties of a Tier III sex offender designation, with the exception of community notification, which was expressly included in the plea form and which Fields acknowledged he understood. The court also advised Fields that the failure to comply with the registration requirements was a crime and would result in criminal prosecution. Both plea forms contained all the specific penalties for each of the offenses. Given the trial court's partial compliance with Crim.R. 11, Fields must show that he was prejudiced in order to vacate his plea.

{¶ 20} Fields does not argue that he would not have entered his plea to illegal use if the court had orally advised him that he was subject to Tier I sex offender penalties in addition to the specific advisement in the plea form. In fact, the word "prejudice" does not appear in Fields's brief under this assignment of error. As noted above, in exchange for his guilty pleas, multiple charges were dismissed. We agree with the State that, in

this case, the penalties of a Tier I designation, which were of shorter duration and less onerous than those of a Tier III designation, were necessarily subsumed by the penalties of Fields's Tier III designation, such that the additional Tier I designation was of no practical effect. Accordingly, in the absence of a showing of prejudice, Fields's first assignment of error is overruled.

{¶ 21} Fields's second assignment of error is:

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. FIELDS WHEN IT HELD HIS CONSENT TO THE SEARCH OF HIS CELL PHONE WAS VOLUNTARY AND DID NOT VIOLATE HIS 4TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION.

{¶ 22} "A plea of guilty is a complete admission of guilt. Consequently, a guilty plea waives all appealable errors, including a ruling on a motion to suppress, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *State v. Williams*, 2018-Ohio-2972, ¶ 4 (2d Dist.), citing *State v. Harris,* 2017-Ohio-9052, ¶ 7 (2d Dist.); *State v. Frazier*, 2016-Ohio-727, ¶ 81 (2d Dist.); *State v. Faulkner*, 2015-Ohio-2059, ¶ 9.

{¶ 23} Fields does not claim that his plea was not entered knowingly, intelligently, and voluntarily (beyond his argument about the court's partial noncompliance with Crim.R. 11, as discussed above). The transcript of the plea hearing reflects that the court asked Fields if he understood that a guilty plea was a compete admission of guilt and that by so pleading he gave up his right to appeal any pretrial rulings. Fields answered affirmatively. On the record before us, Fields has waived his right to appeal

from the trial court's decision on his motion to suppress. Accordingly, Fields's second assignment of error is overruled.

## Conclusion

**{¶ 24}** The trial court did not completely fail to comply with Crim.R. 11(C) in designating Fields a Tier I sex offender, and prejudice is not demonstrated. Field's guilty pleas waived his right to challenge the trial court's ruling on his motion to suppress. Having overruled Fields's two assignments of erros, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.